KENT & COMPANY *et al.*, plaintiffs in error, *vs.* DANIEL B. PLUMB, trustee, *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. Sale of the wife's separate estate to the husband's creditor to pay his debt is void, and the purchaser acquires no title.   If the purchaser be not the actual creditor but his agent, taking the title in his own name, while the facts show that the real purpose was to collect his principal's, the creditor's, debt, the sale is equally void, and the deed will be set aside.   Equity abhors all deceit, and will allow nothing to be done indirectly which cannot be openly and directly done.

2. It is the duty of the trustee to preserve and protect the trust estate; and if he sell real estate settled in trust upon the wife and her minor son, and take a note therefor on the husband and his partner in failing circumstances, with no security, in order to obtain a *line of credit* for said firm by paying their debt, and if the purchaser be cognizant of all the facts, having acted as agent in thus collecting the debt of the husband's creditors, and promising to procure them the *line of credit* from his principals in order to get the trade consummated, the trustee is guilty of breach of trust, the purchaser is *particeps criminis*, and gets no title, though the trustee be authorized to sell by the wife's direction, and she does direct the sale, and the deed should be set aside as well in behalf of the minor as of his mother, the wife.

3. The grounds of the motion for new trial must be certified to be true by the court below before this court will consider them, and a new trial will not be granted on the ground of the admission of improper evidence, even if improper, over objections of the party complaining, unless so certified, especially where the evidence is abundant to sustain the verdict without the aid of that said to have been objected to.

Husband and wife.  Trusts.  Deeds.  Minors.  New trial. Before Judge PEEPLES.   Fulton Superior Court.   October Term, 1875.

Reported in the opinion.

A. W. Hammond & Son; J. T. Glenn; Arnold, & Arnold, for plaintiffs in error.

Fry & King; Hillyer & Brother, for defendants.

Jackson, Judge.

This was a bill filed by Mrs. Zimmerman and her son (who was a minor when the sale took place, but has since attained his majority,) to set aside and annul a conveyance made by their trustee, Plumb, to one White.

White, as agent of Kent & Company, was in Georgia endeavoring to collect a debt that Zimmerman, and Verdery, his partner, owed Kent & Company, and purchased of Plumb, trustee, certain property of Mrs. Zimmerman and her son, George. The trust deed gave the trustee the right to sell by direction of Mrs. Zimmerman, and Mrs. Zimmerman gave the direction. White gave $4,000 00 for the land to Plumb, or agreed to do it; Plumb took Zimmerman & Verdery's note therefor, and White got it right back, if he ever paid it over at all to Plumb, and paid it over to Kent & Company, his New York principals.

1, 2. Mrs. Zimmerman insists that the sale is void because it was made to pay her husband's debts, and she asks that it be set aside. The jury found that it was made for that purpose, and the evidence, we think, abundantly sustains the finding. Such being the fact found, the law is plain: Code, section 1783; 54 *Georgia Reports*, 543. The deed should have been set aside so far as Mrs. Zimmerman was concerned. How is it with the son's half? The trust deed gave him half at his majority, but at the time of the sale he was a minor, though he is of age now. Clearly it was the trustee's duty to protect him—to preserve his property for him: Code, section 2326. Instead of doing so he permitted the father of the boy to sell his real estate and turn it into a note on himself and partner, to give them a *line of credit* with Kent & Company, promised them by White. Zimmerman, the father, and his partner,

Verdery, were in failing circumstances then. They could not carry on their business without this line of credit, and this trustee preserved this trust estate for this minor by selling the *corpus*—real estate—and taking their note, without security, for the proceeds! What sort of title did White get? If he were an innocent purchaser for value, without knowledge of the circumstances, inasmuch as the deed gave the trustee the right to sell by direction of Mrs. Zimmerman, and she gave the direction, he got good title freed from the trust; but if he had full knowledge of all the facts, he partook of the breach of trust of the trustee and got no title: Code, section 2329. Did he know all about the condition of Zimmerman & Verdey? Why, he was the agent for Kent & Company to collect their debt against that firm; he agreed to procure them the *line of credit;* he made the whole bargain; he was the prime mover, the author and finisher of the whole business, taking the title to the land, paying the money out, if any was paid, seeing the note duly made by Zimmerman & Verdery, taking the money back from them, and handing it over to Kent & Company. He knew all about it, and bought the trust estate to collect the money for his principals, and succeeded in his object. So, we dare say, the jury thought; so, we think, the evidence required them to think; and so we are constrained by the same evidence also to think. We think, therefore, that the whole sale is void, the verdict right, and the judgment overruling the motion for a new trial right.

3. In respect to the admission of Clark's testimony, we have to say that the fact that objection to it was made is not certified by the court below. It appears in the brief of evidence, and the brief of evidence was agreed to by counsel, but not the fact that any part was objected to. But even if it had been agreed to by counsel, the court below has the right to be heard on what he ruled, and he has not certified to us that he ruled in this evidence over objection of counsel. Besides, the evidence to sustain the verdict is ample, leaving out Clark's testimony, and if this ground were properly certified by the judge, it could not avail to secure a new trial.

In addition to all this, it may be, added that the objection is made to all his evidence, without specifying any particular part. Some of it was clearly legal. In view of the whole case, we are satisfied with the verdict and the refusal to grant a new trial, and will not interfere.

Judgment affirmed.