## TAYLOR *v.* ALLEN.

1. Where an action of ejectment was brought by a married woman in the superior court of the county wherein the land in dispute was situated, and the defendant relied upon a deed purporting to have been executed by her, and to convey the land to one under whom he claimed, it was the right of the plaintiff, without filing equitable pleadings for the cancellation of such deed, to attack the same as void on the ground that it was executed to the grantee therein named in pursuance of a scheme having for its object the sale of her land for the purpose of paying a debt due by her husband.

2. It would not in such a case have been proper to compel the plaintiff to file such equitable pleadings, nor was it erroneous to disallow a plea to the jurisdiction, alleging that the defendant resided in another county, and based upon the theory that such pleadings were indispensable, and that upon the filing thereof the action would become an "equity case," and, therefore, maintainable only in the county last indicated.

3. Several grounds of the motion for a new trial alleging error in rejecting testimony are defective, in that they do not set forth what the testimony thus referred to was; there was no material error in admitting evidence; the requests to charge, so far as legal and pertinent, were sufficiently covered by the general charge; the charges complained of were substantially correct, and the charge as a whole fairly submitted the issues involved; the evidence warranted the verdict, and there was no error in denying a new trial.

Argued November 10,—Decided November 28, 1900.

Ejectment.    Before Judge Butt.    Marion superior court.    April term, 1900.

*W. P. Wallis* and *W. B. Short,* for plaintiff in error.
*J. H. Lumpkin,* contra.

LEWIS, J.  Nettie McCall Allen instituted in fictitious form suit in ejectment against J. J. Dunham, to recover possession of a lot of land.  Dunham, at the appearance term of the case, disclaimed all title to the property sued for, stating that he was simply in possession as a tenant under E. Taylor.  Taylor appeared at the same term of the court and filed a plea, claiming to be the owner of the property, and denying the allegations in plaintiff's petition.  At the April term, 1900, of the court, the case proceeded to trial, and the jury returned a verdict in favor of the plaintiff against the defendant, Taylor, for the premises in dispute, besides $290.27 mesne profits.

Plaintiff by evidence made out a complete chain of title to the land, by producing deed from W. A. Tignor, dated October 27, 1853, conveying the land in dispute to Lewis Webb; deed from Lewis Webb to R. H. Peacock to the premises in controversy; deed from R. H. Peacock to Nettie McCall, dated September 20, 1888, conveying the premises in dispute; and by showing the requisite possession under such deeds.  Proof was also offered that Nettie McCall, grantee in the last-named deed, was plaintiff in this case, she having since married one T. E. Allen.  Testimony was also introduced for plaintiff, showing that Lewis Webb was in possession of the property twenty-five or thirty years, up to the time he conveyed it to plaintiff's grantor.  Evidence was introduced as to its value for rental.  In reply to this, the defendant, Taylor, offered testimony as follows:  Deed dated December 20, 1892, consideration $1,800, the same being a warranty deed from Nettie McCall Allen to Lee Allen to the premises in dispute; warranty deed from Lee Allen to the Americus National Building and Loan Association, dated December 31, 1892, to the premises in controversy, in consideration of $1,600; amendment to the charter of the Americus National Building and Loan Association by striking out the word "National" and leaving the name to stand "Americus Building and Loan Association"; and deed from Americus Building and Loan Association to E. Taylor.  This was a quitclaim deed dated May 11, 1895, reciting consideration of $1,200, and that the Americus Building and Loan Association was a corporation with its principal office and place of business in Americus, Sumter county, Ga., and that E. Taylor was a resident of Sumter county, Ga.  The deed was .

executed by S. K. Taylor as president of the association. In rebuttal the plaintiff offered testimony with the view of showing that her deed to Lee Allen was void, because it was made for the purpose of paying a debt which was owing by her husband to the Americus Building and Loan Association; and that conveying it to Lee Allen was simply a scheme to convey the same to the association in this indirect way, with the understanding that the association would accept the deed and receive the property in satisfaction of the debt due to it by her husband. Proof was offered by the plaintiff to the effect that Taylor, the defendant, had said, about the time of this transaction, that he knew the deed from plaintiff would not be good, and that she could not settle her husband's debt. Taylor was acting president and general manager of the association. S. K. Taylor was president, and E. Taylor was his son.. Also, that the plaintiff gave up the property without receiving any consideration for it, but simply to pay her husband's debt to the association. It seems that at this stage of the case the defendant amended his plea and alleged want of jurisdiction in the superior court of Marion county, claiming that the attack made by plaintiff on the deed she had executed to Lee Allen was in effect setting up an equitable title to the land, and that she could not enter into this proof without amending her pleadings and converting it into an equitable action; and that the superior court of Marion county had no jurisdiction over the case, for the reason that the defendant against whom substantial relief was prayed did not reside in Marion, but in Sumter county. The court sustained a demurrer to the amendment, refused to require an amendment to plaintiff's petition, and ordered the case to proceed to trial. To this ruling of the court exceptions pendente lite were filed; and this is one of the grounds of error assigned in the main bill of exceptions. The stubborn and main issue of fact in this case was whether or not the deed from the plaintiff to Lee Allen was made as a scheme for the purpose of paying a debt due by her husband to the association above named. It was contended on the part of the defendant that this was not the purpose of the conveyance, but that it was made in order to prevent a criminal prosecution against her husband; and that the plaintiff below was estopped from attacking her deed made for such a fraudulent purpose; that the law would leave the parties where it found them. The jury found the facts in favor of the plaintiff; where-

upon the defendant moved for a new trial on several grounds, and excepts to the judgment of the court overruling the same.

1, 2. The first question of law presented is whether or not, when a married woman has conveyed property for the purpose of paying her husband's debt, she can bring an action of ejectment against her grantee, or any one claiming under the grantee with notice of the consideration moving the wife to make the deed to her property, without the institution of equitable proceedings to cancel the deed. We think this question is settled by the plain letter of the statute. In the first place, the present constitution of the State itself declares, in effect, that the separate property of the wife shall not be liable for the debts of her husband. Civil Code, § 5790. Civil Code, § 2488, provides that "any sale" by a wife "of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be *absolutely* void." Section 2474 declares that her property shall not be liable for the payment of any debt, default, or contract of her husband. Such a transaction, then, on the part of the wife is not merely voidable, but is *absolutely void*. It would be impossible to express in stronger language the absolute nullity of such conveyance by a wife than is employed in the sections of the code which we have cited. It is true the conveyance in this case was not made directly by the wife to the creditor, but it was made to Lee Allen. It was not pretended, however, that there was any valuable consideration moving her to this end; and proof was introduced on the trial authorizing a finding that the conveyance made by her was a scheme to avoid the appearance of an illegal or void act, but really for the purpose of the property reaching the creditor of her husband, Lee Allen directly afterwards conveying the same to the association. Of course, if this was the truth of the transaction, her deed is as absolutely void as if it had been made direct to the creditor in satisfaction of her husband's debt. In *Kent* v. *Plumb*, 57 *Ga.* 207, it was held: "Sale of the wife's separate estate to the husband's creditor to pay his debt is void, and the purchaser acquires no title. If the purchaser be not the actual creditor but his agent, taking the title in his own name, while the facts show that the real purpose was to collect his principal's, the creditor's, debt, the sale is equally void, and the deed will be set aside. Equity abhors all deceit, and will allow nothing to be done indirectly which can not be openly and directly done." This court has repeatedly had un-

der consideration the provision of the law touching the illegality of such sales by the wife, and has always treated them as being *absolutely void*, and not simply *voidable*.

The case of *Sutton* v. *Aiken*, 62 *Ga.* 734, was an action of ejectment brought for the wife against a purchaser. It appeared in that case that the wife and her husband joined in a deed of the premises to the purchaser, but the consideration of the deed was really a debt due by the husband to the purchaser. The defendant pleaded that he bought the premises in good faith for a consideration, that he was in possession under claim of right, and had improved the property to the amount of $1,000; that the conveyance of Aiken and wife to Epping was not in payment of any debt due by Aiken to Epping, but in pursuance of a bona fide sale from Mrs. Aiken to Epping for money paid by Epping at the request of Mrs. Aiken, and without any promise on the part of Epping to reconvey. The plaintiff showed a chain of title terminating in himself, the last deed being to him as trustee for his wife, and the action was brought in his name for his wife as her trustee. In that case this court decided: "Where the wife's land is conveyed by her and her husband to pay his debt, or to secure its payment, or to induce its payment, she receiving no consideration, the title does not pass. Her deed, as between her and all persons affected with notice, is void. Notice that a married woman who has conveyed is still the owner, without more, is enough to put a stranger on inquiry into the facts." See also *Palmer* v. *Smith*, 88 *Ga.* 86, where Simmons, Justice (now Chief Justice), says: "Where a married woman having a separate estate conveys her property to a third person in payment of her husband's debts, and afterwards seeks to recover the property or to cancel the deed, the deed will be declared void, on her motion, as against all persons who had notice that it was made for such purpose." In *McCrory* v. *Grandy*, 92 *Ga.* 327, Chief Justice Simmons says, in effect, that if a married woman should do any of the acts prohibited by the statute, such as selling her separate estate to a creditor of the husband to extinguish his debts, the transaction would be absolutely void. *Grant* v. *Miller*, 107 *Ga.* 804 et seq. We could cite a number of other decisions of this court clearly indicating that these transactions, involving a conveyance by a wife of her property to pay her husband's debts, are absolutely void, and can never estop her from bringing

an action of ejectment to recover her property so conveyed; and when such a conveyance is presented as a defense, if she show its consideration, she can treat it as an absolute nullity, and as conveying no title whatever. We think, therefore, the court committed no error in sustaining the demurrer to the amended plea, and refusing to require the plaintiff to file any equitable pleadings for the cancellation of the deed. In such a case, it would not have been proper to compel plaintiff to file such equitable pleadings; and it necessarily follows that there was no error in sustaining the demurrer to the plea to the jurisdiction, which alleged that the defendant resided in another county. This was not an equitable proceeding. It was a common-law proceeding, a plain action of ejectment; and only the superior court of the county in which the land lay had jurisdiction to try the case.

3. There are several other grounds in the motion for a new trial, alleging error in rejecting testimony, but they are defective in that they do not set forth what the testimony thus objected to was. Upon examining the record we can see no material error in admitting evidence. The requests to charge, in so far as legal and pertinent, were sufficiently covered by the general charge. The charges complained of were substantially correct; and the charge, as a whole, fairly submitted the issues to the jury. In the motion for a new trial complaint is made that the court erred in overruling the objection of defendant's counsel to the third direct interrogatory propounded by plaintiff to Lee Allen, which was as follows: "Did you or not, about the time the above receipt bears date, execute a deed to the property in dispute to the Americus National Building & Loan Association? What consideration passed to you? Who was its manager?" The motion does not set forth what the answer was. The only objection made to it was that the deed was the highest evidence. As the motion does not develop the answer to the question, even if it were inadmissible, it does not show that the defendant below was hurt thereby. The same is true of a number of other grounds in the motion. It is unnecessary in this connection to notice them. There was sufficient evidence to warrant the verdict found by the jury. Although there was a conflict in the testimony, there was sufficient evidence in behalf of plaintiff for the jury to infer that the real consideration of her deed, which was attacked as void, was a scheme to pay the debt of her husband to

the association, and that the plaintiff in error knew, when he acquired title from the association, that this property had belonged to the plaintiff below, and was in possession of facts sufficient to put him upon notice of the real purpose for which she made the deed. We therefore conclude that the evidence warranted the verdict, and that there was no error in denying a new trial.

*Judgment affirmed. All the Justices concurring.*