### BOND v. SULLIVAN.

1. Where a wife executes a deed conveying her property for the purpose of extinguishing her husband's debt, in pursuance of a plan or scheme participated in by the grantee in the deed, such a deed is void, and the wife may maintain ejectment against her grantee or any one else claiming under her grantee with notice of the consideration moving the wife to make the deed to her property, without the institution of equitable proceedings to cancel the deed.

2. If a part of the consideration of the deed in question in this case was the lifting of certain encumbrances upon the property, it was a valid charge thereon; and if the remainder of the consideration was to be appropriated to the extinguishment of the debt of the grantor's husband, the deed itself, being one entire transaction, can not be upheld, because of the impossibility of separating that which is legal from that which is illegal; and the most that could be done in such a case in favor of the grantee in the deed is to hold and decree that he be subrogated to the rights of the encumbrancers whose debts he paid off and discharged.

3. If the purchaser be not the actual creditor but the agent of one who participates with him in the scheme for the effectuation of which the deed

was executed, the sale is equally void and the deed of no effect; and the possession of the property having been surrendered to the grantee, the wife may subsequently maintain ejectment against the grantee or those holding under him with notice of the defect in the consideration.

4. The verdict of the jury, and the judgment of the court below to whom was submitted all questions of fact except as to the right of the plaintiff to recover the land sued for, are unauthorized by the evidence.

5. An error in decree or judgment can not be made a ground of exception to the overruling of a motion for a new trial.

6. An assignment of error containing the exception, "That the court erred in its entire charge to the jury, in failing to exempt from the consequences to be visited upon the grantor this defendant, who was thus deprived of all his defenses arising out of the estoppel, silence and fraud of the plaintiff, and the prescriptive holding of the premises in dispute," is too vague and general to raise any question for decision in this court.

7. Exceptions to the rulings of the court in admitting testimony over objection are not grounds for a new trial, where it is not made to appear what objections were urged to the admission of the testimony claimed to be inadmissible.

Argued January 11,—Decided August 12, 1909.

Complaint for land. Before Judge Cann. Chatham superior court. February 7, 1908.

*Walter G. Charlton* and *Adams & Adams,* for plaintiff in error. *Cann, Barrow & McIntire,* contra.

BECK, J. This suit was brought by Mrs. Louisa A. Sullivan, in February, 1905, against Allan Bond, to recover a certain tract of land and the improvements thereon, in the City of Savannah, Georgia. In her petition the plaintiff set up a legal title to the premises, claiming under deed from George W. Anderson Jr., dated July 7, 1883, and recorded August 20 of the same year. The defendant answered, denying the plaintiff's title, and claiming title in himself under a deed from plaintiff to John F. Harrison, dated January 7, 1897, duly recorded, and under a deed from Harrison to defendant, dated May 16, 1900, and recorded May 9, 1901. Plaintiff introduced evidence for the purpose of showing that, under a scheme participated in by Harrison and defendant, she had been induced to deed the property to Harrison in 1897 in order to pay certain of her husband's debts, particularly his indebtedness to the Southeastern Plaster Co., a corporation of which Bond was a majority stockholder and Harrison an officer. Bond, the defendant, and Harrison, the grantee in the deed from plaintiff, testified that Harrison was the bona fide purchaser from Mrs. Sullivan, and that neither of them participated in any such

scheme as above stated.   The only question submitted to the jury, by agreement of counsel, was as to the recovery of the land; if the jury should find in favor of plaintiff, the judge was to determine, subject to exception, the amount of mesne profits to be recovered by her, and also determine defendant's equity by reason of the assumption and payment by his predecessor in title, Harrison, of two mortgages aggregating $6,000, which encumbered the property at the time of his purchase from plaintiff.   The jury found in favor of the plaintiff for the recovery of the land.   The judge found the net mesne profits to be recovered by her to be $3,833.62, with interest thereon at the rate of seven per cent. from May 16, 1905, the date of the filing of the suit; and that the defendant be subrogated to whatever rights the original mortgagee might have had by the two mortgages referred to.   The defendant excepted to the finding of the jury and to each of the findings of the judge.

1, 2.   One of the questions presented by this record is, whether or not when a married woman conveys property for the purpose of paying her husband's debt she can bring an action of ejectment against her grantee or any one claiming under her grantee with notice of the consideration moving the wife to make the deed to her property, without the institution of equitable proceedings to cancel the deed.   This question has been decided in the affirmative more than once by this court.   In the case of *Taylor* v. *Allen,* 112 *Ga.* 330 (37 S. E. 408), it was said that the question was settled by the plain provisions of the code sections which declare that the separate property of the wife shall not be liable for the debts of her husband (Civil Code, §5790), and that any sale by a wife of her separate estate made to a creditor of her husband in extinguishment of his debts shall be absolutely void (Civil Code, §2488). Continuing, the court says: "Section 2474 provides that her property shall not be liable for the payment of any debt, default, or contract of her husband.   Such a transaction, then, on the part of a wife is not merely voidable, but is *absolutely void.*   It would be impossible to express in stronger language the absolute nullity of such conveyance of a wife than is employed in the section of the code which we have cited."   In the same decision the Justice delivering the opinion of the court, after citing several cases to support the views announced, says: "We could cite a number of

other decisions of this court clearly indicating that these transactions, involving a conveyance by a wife of her property to pay her husband's debts, are absolutely void, and can never estop her from bringing an action of ejectment to recover her property so conveyed; and when such a conveyance is presented as a defense, if she show its consideration, she can treat it as an absolute nullity and as conveying no title whatever. We think, therefore, the court committed no error in sustaining the demurrer to the amended plea, and refusing to require the plaintiff to file any equitable pleadings for the cancellation of the deed."

If the deed in question in this case had been executed by the wife upon the consideration that the grantee should discharge a valid encumbrance upon the property conveyed, and the latter actually discharged such encumbrance, the conveyance might be upheld as valid. But if the discharge of the encumbrances upon the property by the vendee was only a part of the consideration, and the real object of the conveyance was to appropriate the value of the property conveyed, in excess of the amount represented in the encumbrances discharged, to the extinguishment of the debt of the husband actually existing at the time of the conveyance or in contemplation at that time, while a part of the consideration would be valid, the other would be illegal, and the deed, being one entire transaction, "can not be upheld, because of the impossibility of separating that which is legal from that which is illegal. It is not the case of a mortgage given to secure several debts, some of which are legal and some illegal, and in which that which is legal may be cut off from that which is illegal, but it is a case in which the whole transaction is so infected with the virus of illegality that there is no possibility of upholding the deed executed in pursuance of it as a conveyance of title, and the most that can be done is to award, as was done in this case, that in so far as the plaintiff has extinguished that portion of the debt legally due by the wife, it be made a charge against her estate." *Mickleberry* v. *O'Neal,* 98 *Ga.* 43 (25 S. E. 935).

3. Even if it be true, as is insisted by counsel for plaintiff in error, that there is no evidence to show that Harrison, the purchaser from Mrs. Sullivan, was a creditor of the husband, if he jointly with Bond devised or entered into a scheme whereby a conveyance of Mrs. Sullivan's property should be procured, and

the real purpose of the conveyance was the extinguishment of her husband's debt to a corporation of which Bond was a majority stockholder, in such a case Harrison might be regarded as the agent of Bond, acting for the benefit of his principal, and the conveyance to him would be void just as if it had been made to Bond or to the corporation of which Bond was a member. *Kent* v. *Plumb,* 57 *Ga.* 207. What is said in the case last cited and the case of *Taylor* v. *Allen,* supra, of the effect of such a scheme upon the question of the validity or nullity of a conveyance made to effectuate its purpose, renders unnecessary any discussion of that question here. But inasmuch as this case is to be remanded for a new trial, it is unnecessary to discuss the evidence or to decide whether or not the evidence upon the last trial authorized the finding that the sale of the property in controversy by Mrs. Sullivan to Harrison was a mere colorable transaction,—a part of a plan devised by Bond, or both Bond and Harrison, for the extinguishment of a debt of Mrs. Sullivan's husband to the Southeastern Plaster Company, a corporation of which Bond was a majority stockholder.

4. However reluctant this court may be to interfere with the findings of juries upon questions of fact, or the findings of the court upon questions of fact, when, as in this case, the duty of passing upon certain questions of fact is, by agreement of the parties, submitted to the court, we can not do otherwise than set aside the finding of the court, allowing the plaintiff to recover as mesne profits the principal sum of $3,833.62, with interest thereon, and refusing to allow the defendant any amount whatever for payments made and evidenced by the receipts of Mrs. Sullivan. In allowing the sum found, the court must have failed to take into consideration the amounts paid to the plaintiff as shown by her receipts. After the payment of the mortgages, amounting to $6,000, which were an encumbrance upon the property sought to be recovered, there remained to be paid a balance of the purchase price, amounting to $5,000. As to the contention of the plaintiff's counsel that this $5,000 (which, according to Mrs. Sullivan's receipts, was paid to her) actually went in payment of her husband's debts, there is nothing in the record to show that this entire amount was paid or was intended to be paid upon the debts of her husband. Giving the utmost effect to the evidence appearing in this record, the jury were not authorized to find that Mr.

Sullivan's indebtedness to the Plaster Company was more than $1,500, and then if we should add to this (and we express no opinion as to whether the evidence would authorize it or not) the sum of $500, which the plaintiff insists was shown by documentary evidence to. have been paid upon a debt of Mr. Sullivan on April 3, 1897, there would still be left the sum of $3,000 of the amounts covered in the aggregate by Mrs. Sullivan's receipts, which was paid to her or her agent authorized to receive it, and nothing in the evidence to justify a finding that it was paid upon any debt of Mr. Sullivan to the Plaster Company, or to the defendant in this case or his agent. It certainly could not be insisted that the mere fact that a connection of certain entries on the stubs of a check-book, showing that on the same day on which Mrs. Sullivan gave a receipt for a certain sum of money the husband of the plaintiff was credited with. an amount which, together with two checks payable to his order, equaled the amount for which the plaintiff gave her receipt, would, even if it authorized the finding that the amount of the credit entered in favor of the husband was deducted from the money for which the wife gave her receipt, raise more than a mere suspicion that other sums for which the wife's receipts were given, and which appear in the evidence, were likewise applied to debts of her husband; and we do not think that a mere suspicion could authorize the conclusion that the remaining $3,000 of the cash payment of the purchase-price of this property was applied to the payment of Mr. Sullivan's debts. The positive written evidence shows that it was paid to Mrs. Sullivan or her agent. There is nothing to show that it was used by Sullivan, who was entrusted with the receipts of his wife, for any purpose which would affect the right of the defendant in this case to be credited with the amount upon his indebtedness to Mrs. Sullivan for the purchase-price of the property sued for. And yet, in the judgment of the court, passing upon the issues of fact that were submitted to him, it does not appear that the defendant was allowed the $3,000, or any other portion thereof. Inasmuch as this case is to be remanded for a new trial we desire to be understood as not expressing any opinion as to whether or not the plaintiff is entitled to a finding in her favor upon her contention that any portion of the $5,000, the amount to be paid in cash after the payment of the mortgages upon the property, is to be allowed.

Nor do we think that the verdict of the jury can be upheld. That verdict necessarily includes a finding against the defendant's contention made in his pleadings, that he had a good prescriptive title as against the plaintiff to the premises in dispute. The grantee of the plaintiff, and this defendant who held under a deed from her grantee, had been for more than seven years in adverse possession of the property for which the plaintiff is suing, under color of title. The plaintiff had executed her deed to Harrison more than seven years prior to the filing of this suit; and while, as we have said, the deed of Mrs. Sullivan, if executed for the purposes and under the circumstances set up by the plaintiff as a basis of her right to treat the deed as void, was void as title, still that would not prevent its being good as color of title (*Floyd* v. *Ricketson, 129 Ga.* 669 (59 S. E. 909)), unless her grantee was guilty of actual moral fraud in procuring the conveyance; and of the existence of such fraud upon the part of Harrison, the grantee named in Mrs. Sullivan's deed, we find no evidence in the record. The deed was signed by Mrs. Sullivan herself; this is admitted by her. She was not illiterate, and could have read the deed herself. There was abundant evidence to show that the deed was read to her, and there is no positive denial upon her part that this was done, though she did testify that she did not know that certain parts of the deed were read to her; and she also testified that she did not understand the character of the paper that she was signing. But there is no suggestion in any testimony to show that anything was done or said to prevent her having a full understanding of the deed before she affixed her signature thereto. If from a reading of the deed to her by others she did not understand it, she could have declined to sign it at all, or could have deferred the execution of it until she had had it sufficiently explained to her for her to grasp its entire import. Taking the plaintiff's entire testimony, we do not think it authorizes the conclusion that her grantee was guilty of moral fraud in any respect in the transaction that led up to the purchase of this property and the execution of the deed thereto. And that being true, the paper executed by her was such a color of title that one holding thereunder for the statutory period might acquire a good prescriptive title to the property described in the deed.

5. Among the specifications of error assigned upon the judgment overruling the motion for a new trial is one pointing out an alleged error in the decree rendered in this case. As has been frequently ruled by this court, a motion for a new trial is not the proper method of correcting errors in a decree or judgment. *Herz* v. *Claflin Co.*, 101 *Ga.* 615 (29 S. E. 33).

6. An assignment of error containing the exception, "That the court erred in its entire charge to the jury, in failing to exempt from the consequences to be visited upon the grantor this defendant, who was thus deprived of all his defenses arising out of the estoppel, silence and fraud of the plaintiff, and the prescriptive holding of the premises in dispute," is too vague and general to raise any question for decision in this court.

7. Exceptions to the rulings of the court in admitting testimony over objection are not grounds for a new trial, where it is not made to appear what objections were urged to the admission of the testimony claimed to be inadmissible. The rulings which we have made upon important controlling issues in this case render it unnecessary that the other questions made should be specifically passed upon. *Judgment reversed. All the Justices concur.*