### JACKSON v. REEVES.

HINES, J. 1. A deed and bill of sale by a wife, made to pay or secure her husband's debt, is absolutely void. *Gross* v. *Whitely*, 128 *Ga.* 79 (57 S. E. 94); *Pierce* v. *Middle Georgia Land &c. Co.*, 131 *Ga.* 99, 101 (61 S. E. 1114); Civil Code (1910), § 3007; *Gilmore* v. *Hunt*, 137 *Ga.* 272 (73 S. E. 364).

2. Where a wife executes her notes to a creditor of her husband, to pay the husband's debt to such creditor, and makes the creditor a deed to her realty and a bill of sale to her personalty to secure them, such transaction is void; and the wife can proceed by her petition in equity to cancel such deed and bill of sale as clouds upon her title, and to cancel her notes so given in payment of her husband's debt. *Gilmore* v. *Hunt*, supra; *Rountree* v. *Rentfroe*, 139 *Ga.* 290 (77 S. E. 23).

3. A wife has the right to repudiate a colorable scheme or device by which she was induced by the creditor and her husband to assume the previous debt of her husband to such creditor without any consideration

flowing to her, no matter how the true inwardness of such illegal and void transaction had been concealed. *Bank of Eufaula* v. *Johnson*, 146 *Ga.* 791 (92 S. E. 631); *Simmons* v. *International Harvester Co.*, 22 *Ga. App.* 358 (4) (96 S. E. 9).

4. In the absence of fraud or collusion, a married woman may borrow money (the husband's creditor not being the lender) to furnish to her husband, in order that he may pay his debts, notwithstanding the lender or purchaser knows of such purpose. *White* v. *Stocker*, 85 *Ga.* 200 (11 S. E. 604); *McCrory* v. *Grandy*, 92 *Ga.* 319 (18 S. E. 65); *Nelms* v. *Keller*, 103 *Ga.* 745 (30 S. E. 572); *Chastain* v. *Peak*, 111 *Ga.* 889 (36 S. E. 967); *Johnson* v. *Leffler Co.*, 122 *Ga.* 670 (50 S. E. 488); *Bank* v. *Johnson*, supra.

5. Properly construed, the petition of the plaintiff seeks to cancel her deed, bill of sale, and notes, which she alleges she gave to the defendant, a creditor of her husband, in the assumption and payment of the husband's debt to the creditor, to recover such of her property so conveyed to the defendant as has not been disposed of by him, with the rents and profits thereof, and to recover the value of such of her said property as the defendant may have sold and disposed of; and so construed, the petition sets forth a cause of action, and the trial judge did not err in overruling the general demurrer on the ground that the same set forth no cause of action, either legal or equitable.

6. The petition is not multifarious.

7. The petition is not subject to demurrer on the ground that the plaintiff does not offer to do equity, she offering to reimburse the defendant for taxes and any money which it may be found on the final hearing of the case had been expended by him in removing the incumbrance which she had placed on the real estate involved in this litigation.

8. Any rights, legal or equitable, of the defendant as the husband's creditor to subject to the payment of the husband's debt to him the automobile given by the husband to the wife, and afterwards conveyed by her to the creditor, will not render her bill of sale good, if made to pay her husband's debt. The bill of sale, being one transaction, can not be upheld on the ground that it conveyed to the creditor this automobile, which was subject to the payment of the husband's debt; but the most that can be done is to give effect to any rights of the defendant in this respect. *Bond* v. *Sullivan*, 133 *Ga.* 160 (65 S. E. 376, 134 Am. St. R. 199.

9. The grounds of special demurrer are without merit.

*Judgment affirmed. All the Justices concur.*

No. 3851. NOVEMBER 17, 1923.

Equitable petition. Before Judge Humphries. Fulton superior court. May 15, 1923.

Dorothy B. Reeves filed her petition against P. P. Jackson, and made this case: On August 5, 1920 she was the owner, subject to a loan of $600, of certain described real estate, which she paid for from her own earnings on April 30, 1920. On August 3, 1920, she was the wife of H. A. Reeves. On the latter date her husband

and Jackson represented to her that her husband was indebted to Jackson in the sum of $500, and owed a certain automobile company the sum of $1400 for repairs on his automobile, which said repair bill would, under certain conditions, be paid by the defendant, and that her husband had agreed to pay this amount of $1900 to the defendant, but her husband and defendant desired that she execute a series of notes for the sum of $50 each, one of which would mature each week thereafter, which notes would be paid by the husband. The husband and defendant desired and insisted, over her protest, that she execute a deed to her real estate to secure the payment of these notes. The husband represented that he would pay the notes. The defendant and his attorney represented to her that, the debt for which the notes were given and to secure which her deed was executed being that of her husband, the defendant would look only to her husband for payment of her notes, and would not hold her and her property liable for the debt. Having confidence in her husband and the defendant, and believing their representations, she, on August 3, 1920, executed a series of 46 notes, as above described, of the aggregate amount of $2300; and on August 5, 1920, upon further representations and insistence of her husband and the defendant, she executed her deed to certain real estate to secure said notes, a copy of the deed being attached as an exhibit to the petition. On August 5, 1920, she was the owner, in her own right and as a part of her estate which she had paid for with her own earnings, of a certain described soda-fount and cash register. On that date the defendant and her husband represented to her that her husband was that day, in consideration of love and affection, giving her said automobile; and, at the insistence and suggestion of defendant, her husband executed to her a bill of sale to said automobile, a copy of which is attached as an exhibit to the petition. The defendant, by his representations and those of his attorney and her husband, induced her to execute to the defendant a bill of sale of said soda-fount, cash register and automobile for the consideration of $2300. A copy of this bill of sale is attached to the petition as an exhibit. The defendant, his attorney, and her husband represented to her that her husband was indebted, in the amounts above named, to the defendant; and that while she was assuming her husband's debts and was pledging her estate to secure the same, she would not be

expected to pay the same. She did not owe the defendant any-
thing, and did not receive any benefit whatsoever as a result of her
said conveyances and notes.

The minimum market value, on August 5, 1920, and November
2, 1920, of the soda-fount and cash register was $600; and the
minimum market value of said automobile as represented to her
by the defendant was from $2000 to $2500.

She was not called on to pay the first of said notes and heard
nothing more from the defendant until November 2, 1920, when
the defendant caused to be issued from the superior court of Fulton
County a bail-trover proceeding against her for the recovery of the
cash register and soda-fountain, which was served by the sheriff,
under which she was forced to surrender the possession and use of
said property; but to her best information and belief the defendant
also got possession of said automobile. She does not know what
has become of all of said property seized under said proceeding,
but to the best of her information and belief the same was taken
possession of by the defendant and by him used, sold, or otherwise
disposed of. Thereafter the defendant dismissed the bail-trover
proceeding. Her deed to real estate to the defendant recites that
it was made subject to a loan deed of $600 from petitioner to
Elizabeth J. Sellars. To the best of her information and belief
said loan has been paid off by said defendant. When she executed
said deed to secure the debt to defendant, the lot was vacant; but
she learns that defendant soon after took possession of the same,
erected a small building thereon, the same being used as a garage
for which the tenant or tenants thereof have paid the rents to the
defendant. The defendant wrongfully holds possession of the
premises, and refuses to deliver the same to her. She is ready, will-
ing, and able to allow defendant credit for the payment of said
$600 with interest, if he proves that he paid the same. He should
be required to account to her for all rents, profits, and interest
accruing on said property while he has been in possession thereof.
He is indebted to her in the sum of $600, with interest from
November 2, 1920, as a result of wrongfully seizing, taking, and
disposing of her soda-fount and cash register, and is further in-
debted for the value of the automobile, to the amount of $2000 to
$2500, and is further indebted for all the rents, issues, and profits
accruing from the possession of her said real estate from August 5,

1920, with legal interest. She prays that the defendant be enjoined from disposing of the real estate; that the deed to secure her husband's debt and the notes given therefor be delivered up and canceled; that the defendant be required to account to her for all rents, issues, and profits accruing from the possession and occupation of said premises; that she have judgment against him for the several sums due her as set forth above, less the amount paid by him in removing the $600 loan; if he paid the same, and that she have such other relief as may seem proper to the court.

The deed from the plaintiff to the defendant to her real estate recites that it is executed to secure payment of a loan by the defendant to the plaintiff of $2300, evidenced by 46 notes of even date, for the sum of $50 each, the first becoming due on August 14, 1920, and one each week thereafter for 46 weeks. The bill of sale from the plaintiff to the defendant for the automobile, soda-fount, and cash register is on its face an absolute bill of sale. By an amendment to her petition plaintiff alleged that the defendant and her husband entered into a conspiracy to defraud her, and did defraud her by representing to her that she would be in no wise liable under the notes and deed obtained from her, she being a woman without any business experience. The defendant further represented to her that he was not looking to her for payment. She offered to pay the defendant all moneys expended by him in paying off the loan, and in payment of taxes, until the final determination of the case.

The defendant demurred to the petition on the grounds: (1) that no cause of action is set forth; (2) that there is no equity therein, the plaintiff asking equity without offering to do equity; (3) that the allegations of fraud are not made with sufficient definiteness and particularity to warrant the grant of the relief prayed by plaintiff. The defendant demurred specially to paragraph 3 of the petition, in which plaintiff alleged that "this petitioner, from her own earnings, bought and paid for said lot, without the help, aid, or assistance of any one, and did, in her own name, on the 30th day of April, 1920, receive a warranty deed to the same," on the ground that plaintiff was a married woman and was living with her husband, and it was not alleged that her earnings were not his property. Defendant further demurred on the ground that the petition was multifarious as to causes of action.

The court overruled the general and special demurrers, and error was assigned on this judgment.

*Jackson & Echols,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.