### MEACHAM *v.* FARR *et al.*

1. The plaintiff brought suit to recover land against the person in possession, alleging that she had conveyed the land to a named party, who also is made one of the defendants, but that the conveyance was void because executed for the sole purpose of extinguishing the debt of the plaintiff's husband to the grantee in the deed; that the grantee participated in procuring the execution of the conveyance; and that the defendant in possession of the land knew of the facts which it is claimed rendered the deed void prior to his purchase. The prayers were for a recovery of the land and mesne profits, and for cancellation of the deed

executed under the circumstances referred to. The party to whom the deed was executed by the plaintiff is a non-resident of the county in which the suit is brought. *Held*, that the petition stated a cause of action, and it was error to sustain a general demurrer to the same.

2. By amendment it is alleged that the defendant in possession of the land held under a bond for title given by the other defendant, the grantee in the deed from the plaintiff, and that the sale made by the grantee in the deed to the one in possession of the land was part of a collusive scheme "to defraud plaintiff of her land," and that the defendants "conspired to gain possession and title to plaintiff's land" by placing in possession one of the defendants who might make the defense that he was an innocent purchaser. The allegations of fraud and collusion, while insufficient against a special demurrer, are good as against a general demurrer.

No. 4191. MAY 15, 1924.

Equitable petition. Before Judge Roop. Meriwether superior court. January 11, 1924.

*N. F. Culpepper, Terrell & Terrell,* and *Post & Arnold,* for plaintiff.

*M. Z. O'Neal* and *Hall & Jones,* for defendants.

BECK, P. J. Mrs. Donie Meacham brought suit in the superior court of Meriwether County against W. A. Farr of that county, and Mrs. Itura Leigh of Coweta County. In the petition it is alleged, that on February 29, 1916, petitioner owned certain lands in Meriwether County, which are described in her petition, and at that time she was, and still is, a married woman, her husband being Hubert Meacham; that Mrs. Leigh held against petitioner's husband a certain debt, and prevailed upon petitioner to execute to her a deed to the lands described in the suit, in payment of this debt; that plaintiff executed to Mrs. Leigh, on February 29, 1916, a deed to the lands for the purpose aforesaid; that under and by virtue of said deed Mrs. Leigh went into possession of the lands and remained in possession until about January 1, 1920, when she sold the lands to the defendant Farr, who went into possession under his purchase under and by virtue of a bond for title from Mrs. Leigh, she binding herself to convey to him the lands upon the payment of the purchase-price agreed on; that Farr is now in possession of the lands under this bond for title; that at the time Farr purchased from Mrs. Leigh the lands in dispute he knew that the deed made by plaintiff to Mrs. Leigh was void because of the fact that it was given in extinguishment of the debt Mrs. Leigh held against plaintiff's husband. Plaintiff

claims title to the lands and the rents and profits of the same since February 29, 1916, of the yearly value of $300.00. It is alleged that Farr has received these rents and profits since January 1, 1920, and that Mrs. Leigh has received said rents and profits from February, 1916, to January, 1920; and that Farr and Mrs. Leigh refuse to deliver to plaintiff the possession of the lands, or to pay the yearly rents and profits thereof. Plaintiff annexes to her petition an abstract of her title under which she. claims the lands. She prays that Mrs. Leigh be required to deliver up her deed from plaintiff, and that it be cancelled, and that she account to plaintiff for the rents and profits; also that Farr be likewise required to account for the rents and profits due by him, and that title to the lands be decreed to be in plaintiff. Subsequently the plaintiff amended her petition by alleging that by reason of the facts set forth the defendants conspired to defraud petitioner to get possession of and title to the lands; and plaintiff further prayed that the bond for title be delivered up and cancelled.

To the petition the defendants filed a demurrer on the ground that the petition does not set forth a cause of action against the defendants; and upon the further ground that the petition shows on its face that the superior court of Meriwether County has no jurisdiction as to Mrs. Itura Leigh, and that "the allegations as respects W. A. Farr, the resident defendant, are legally insufficient to confer jurisdiction as respects the cause of action alleged against Mrs. Itura Leigh, the non-resident defendant." Upon the grounds taken in the demurrer the defendants prayed that the suit be dismissed. Whereupon the court granted the following order: "Upon hearing the foregoing demurrer, it is ordered that the same is sustained on the ground that the superior court of Meriwether County is without jurisdiction."

1. We are of the opinion that the court erred in dismissing this petition upon the ground that the superior court of Meriwether County is without jurisdiction. It will be observed that the court did not dismiss the case merely as to Mrs. Leigh, but sustained the general demurrer without limiting the effects of the dismissal to the defendant last named. The petition stated a good cause of action for the recovery of the land against Farr, the resident defendant. And if Mrs. Leigh was improperly joined and should have been dismissed from the suit upon a demurrer filed by her

individually, that was not ground for dismissing the entire case. Because, if Mrs. Meacham etablishes the allegation that she conveyed the land to Mrs. Leigh to satisfy a debt due by her husband to Mrs. Leigh, the deed was void; and, without instituting an equitable suit to set the same aside, she could sue upon her legal title to recover the land, and in that suit show that the deed was void because it was a conveyance to a creditor of her husband to pay a debt of the latter, and could recover upon the legal title remaining in her. In the case of *Bond* v. *Sullivan,* 133 *Ga.* 160 (65 S. E. 376, 134 Am. St. R. 199), it was held: "Where a wife executes a deed conveying her property for the purpose of extinguishing her husband's debt, in pursuance of a plan or scheme participated in by the grantee in the deed, such a deed is void, and the wife may maintain ejectment against her grantee or any one else claiming under her grantee with notice of the consideration moving the wife to make the deed to her property, without the institution of equitable proceedings to cancel the deed." And similar rulings have been made in other decisions by this court. See *Taylor* v. *Allen,* 112 *Ga.* 330 (37 S. E. 408). Wherefore we conclude that the court erred in sustaining generally the general demurrer filed by both defendants, based upon the ground that the court in which the suit was brought was without jurisdiction.

2. We might rest upon the decision above made, as the case will be reinstated in the court below for disposition in accordance with the ruling made. But inasmuch as it may be then demurred to by Mrs. Leigh on the ground that the court is without jurisdiction as to her, we think it proper to pass upon the question as to whether this contention is sound. Considering the entire petition, the purpose for which it is brought, and all the allegations, we are of the opinion that the allegations of the petition and the amendment are sufficiently comprehensive to give the court jurisdiction of both defendants in the equitable action. The allegations are clearly sufficient to show that the deed from the plaintiff to Mrs. Leigh is void, because executed for the purpose of extinguishing the debt of the grantor's husband. But had the grantee in such a deed, who had gone into possession of the land, conveyed the same to an innocent purchaser, who was without knowledge or notice sufficient to put him upon inquiry, the grantor might be estopped from setting up that the deed was inoperative to convey

title, and thereby be defeated in her action to recover against the innocent grantee in a conveyance executed by the first purchaser. And to meet the defense that might be set up in favor of Farr in this suit, the petitioner charged that he had notice of the fact that rendered the deed void, and by amendment charged that the defendants, Farr and Mrs. Leigh, "conspired and colluded together to defraud plaintiff of her land and conspired to gain possession and title to plaintiff's land by placing Farr in possession of the same and selling same to him and making him bond for title in order to defraud plaintiff out of her land and the possession and title thereof." The allegations of fraud and conspiracy are vague, general, and indefinite, and would be so held upon a special demurrer pointing out these defects. But we cannot say, merely upon a general demurrer based upon the ground that the petition does not set forth an equitable cause of action, that these allegations are so loose and indefinite as that the plaintiff would not be permitted to show under them that the resident defendant now in possession of the land in question did take the bond for title and enter into such possession collusively for the purpose of preventing the plaintiff from setting up the fact that established her claim that the deed to Mrs. Leigh was void.

*Judgment reversed. All the Justices concur.*