WILSON *v.* CUMMINGS. WILSON *v.* PRITCHARD *et al.*

JENKINS, Justice. 1. Since the facts in these separate actions of ejectment brought by a married woman are essentially the same and controlled by the same legal principles, the cases are determined together.

2. Notwithstanding the inhibition of the Code, § 53-503, against a wife's binding of her "separate estate by any contract of suretyship nor by any assumption of the debts of her husband," and against "any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts," she may otherwise contract and deal with her property as a feme sole. Therefore "A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage," or security deed, "and such a contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome." *Braswell* v. *Federal Land Bank of Columbia*, 165 *Ga.* 123 (3) (139 S. E. 861), and cit.; *Garrett* v. *Thornton*, 157 *Ga.* 487 (3) (121 S. E. 820); *Roan* v. *Union Central Life Insurance Co.*, 181 *Ga.* 335 (182 S. E. 21); *Saxon* v. *National City Bank*, 169 *Ga.* 784 (2), 788 (151 S. E. 501); *Williamson* v. *Walker*, 183 *Ga.* 320 (188 S. E. 346); *Magid* v. *Beaver*, 185 *Ga.* 669, 677 (196 S. E. 422); *Carlton* v. *Moultrie Banking Co.*, 170 *Ga.* 185 (152 S. E. 215); *Johnson* v. *Leffler Co.*, 122 *Ga.* 670 (1, 3) (50 S. E. 488). With regard to the right of the wife to repudiate any such colorable scheme or device, and to cancel her deed or recover by ejectment the land conveyed, as against the husband's creditor or one participating in the transaction, see *Jackson* v. *Reeves*, 156 *Ga.* 802 (2-4) (120 S. E. 541); *Bond* v. *Sullivan*, 133 *Ga.* 160 (1-3) (65 S. E. 376, 134 Am. St. R. 199); *Taylor* v. *Allen*, 112 *Ga.* 330 (37 S. E. 408).

3. Notwithstanding the language of the Code, § 53-503, declaring "absolutely void" a sale by a wife to a creditor of her husband in extinguishment of his debts, such a transaction is not corrupt or immoral, so as to "import utter nullity, not only as between the original parties, but as between one of these and the successors or privies of the other. . . The rule is economical, not moral; and its policy is in favor of a class, and not of the public at large." Thus, when a wife "makes a conveyance such as her ordinary power renders her competent to make, and upon the face of it acknowledges a consideration and the payment of it, not disclosing that her husband's debt was any part of the consideration, or that the whole transaction was not for her sole benefit, and delivers that conveyance to the purchaser, she does an act calculated to mislead any person to whom the purchaser may offer the property for sale, and to whom her conveyance may be exhibited as evidence of title, if in fact her husband's debt was concerned in the consideration. . . If, trusting to the document, . . any person should be honestly misled by it," she must "abide the consequences." Married women are not exempt from the equitable principles protecting bona fide purchasers or from the rules of estoppel. *Sutton* v. *Aiken*, 62 *Ga.* 733 (2, 3), 741-743;

*Dotterer* v. *Pike*, 60 *Ga.* 29, 30, 42. See, to the same effect, *Jones* v. *Harrell*, 110 *Ga.* 373, 377 (35 S. E. 690) ; *Southern Mutual Building & Loan Association* v. *Perry*, 103 *Ga.* 800 (30 S. E. 658) ; *Smith* v. *Smith*, 134 *Ga.* 485 (68 S. E. 70) ; *Colquitt* v. *Dye*, 29 *Ga. App.* 247 (3) (114 S. E. 643) ; *Wootten* v. *Braswell*, 48 *Ga. App.* 312 (172 S. E. 679), and cit.; *Savannah Bank & Trust Co.* v. *Groover*, 56 *Ga. App.* 27 (4), 35 (192 S. E. 49), and cit.

(a) The preceding decisions, which deal with the exact point in question, are controlling as to the rights of bona fide purchasers of property conveyed by married women, and the rules of estoppel in favor of such purchasers. Therefore the cases dealing with the rights of bona fide purchasers from grantees under security deeds, which under the former usury statutes were void when tainted with usury (Code, 1910, § 3442), are not in point. The distinction between the two classes of cases may be based on the fact that "the defence of usury is founded on public policy" (*Bailey* v. *Lumpkin*, 1 *Ga.* 392, 409), whereas, as already indicated, the inhibition with respect to married women is a rule which is economical, not moral, and its policy is in favor of a class, and not of the public at large." *Sutton* v. *Aiken*, supra.

4. Under the preceding rules, the court did not err in directing the verdict for the defendant in either of the ejectment suits brought by a wife to recover against purchasers from the grantee in her deed to secure debt, where the evidence showed without dispute that each of the defendants bought his tract for value and in good faith, without notice of any possible claim by the plaintiff as a married woman, and received warranty deeds to such tracts from the grantee in the plaintiff's security deed, after the wife had defaulted on her deed, and the grantee therein advertised and sold the property and executed a deed to itself by virtue of a power of sale in such security deed.

5. The preceding holdings render it unnecessary to determine questions raised by other exceptions of the plaintiff wife, as to whether or not there was sufficient evidence for the jury to pass on the validity of her security deed, on her contention that it was executed under a colorable scheme to pay her husband's indebtedness to persons other than the grantee; or as to whether the agent company, through which she and her husband arranged the loan, was the agent of the lender or a dual agent for both the lender and herself, so as to bind the lender with any participation of the agent in any illegal purpose of the transaction.

*Judgments affirmed. All the Justices concur.*

Nos. 14518, 14519. May 6, 1943.

22

*Fort & Fort* and *R. L. Maynard,* for plaintiff.
*Dykes, Bowers & Dykes,* for defendants.