22610. REID v. THE PEOPLES BANK et al.

ARGUED SEPTEMBER 16, 1964—DECIDED OCTOBER 13, 1964— REHEARING DENIED NOVEMBER 5, 1964.

370

*Huie, Etheridge & Harland, W. Stell Huie, Harry L. Cashin, Jr.,* for plaintiff in error.

*Phillips, Johnson & Daniel, Llop & Long,* contra.

HEAD, Presiding Justice. "A wife may give property to her

husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." *Code* § 53-506. The allegations of fact in the wife's petition negative any intention on her part to give her separate estate to her husband, and the pleaded facts do not support an inference that she intended to give her property to her husband.

The separate property of the wife "shall not be liable for the payment of any debt, default, or contract of the husband." *Code* § 53-502. ". . . [W]hile the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." *Code* § 53-503.

The husband's liability on the two deeds to secure debt was in full force and effect at the time the property was conveyed by John S. Reid, Sr., to the petitioner. This liability of the husband was extinguished and satisfied upon the execution by the wife of her deed to secure debt to the bank in the sum of $55,000. The wife thus became obligated for the debts of the husband to a creditor of the husband. By the execution of the $55,000 note and deed not only would the property of the wife covered by the security deed be liable for the debt thus created, but the wife would be individually liable to the extent of her resources for the debts of her husband should the husband fail (as it is alleged he has failed) to make payments as they became due, or should the property be sold for an amount less than the debt secured by her deed.

The present case comes within the facts and the rule stated in *Mickleberry v. O'Neal*, 98 Ga. 42, 53 (25 SE 933), where this court ruled in part: "In the present case the deed in question was executed by her as an entire transaction, the vendee undertaking to and actually discharging an encumbrance upon the property purchased by her from her husband, and which encumbrance became, not by assumption of his debts but by relation, a legal charge upon her estate. Had this been the entire consideration, the conveyance could have been upheld as valid.

But the real object of the conveyance was to appropriate the value of the property conveyed, in excess of the amount represented in the encumbrance discharged, to the payment of the sums due by the husband of the vendor to the vendee, thus conveying her estates partially in satisfaction of the husband's debt. The deed is thus an entire transaction. As a conveyance of title it cannot be upheld, because of the impossibility of separating that which is legal from that which is illegal  .  .  .   there is no possibility of upholding the deed executed in pursuance of it as a conveyance of title, and the most that can be done is to award, as was done in this case, that in so far as the plaintiff has extinguished that portion of the debt legally due by the wife, it be made a charge against her estate."

In *Bond v. Sullivan*, 133 Ga. 160 (65 SE 376, 134 ASR 199), it was held: "Where a wife executes a deed conveying her property for the purpose of extinguishing her husband's debt, in pursuance of a plan or scheme participated in by the grantee in the deed, such a deed is void, and the wife may maintain ejectment against her grantee or any one else claiming under her grantee with notice of the consideration moving the wife to make the deed to her property, without the institution of equitable proceedings to cancel the deed." *Hickman v. Cornwell*, 145 Ga. 368 (89 SE 330); *Ulman, Magill & Jordan Woolen Co. v. Magill*, 155 Ga. 555 (117 SE 657); *Meacham v. Farr*, 158 Ga. 343 (123 SE 270); *Magid v. Beaver*, 185 Ga. 669 (196 SE 422); *Turner v. Warren*, 193 Ga. 455 (18 SE2d 865).

The petition alleges facts to show that the officer and agent of the defendant bank knew that a part of the proceeds of the loan made to the wife as represented by her note and deed would be used to pay off indebtedness of the husband to another bank. Since approximately $29,000 of the $55,000 loan was used and applied to pay existing obligations of the husband to another bank, the wife became surety for the husband in this amount. This court is not concerned in the present case with what the evidence may show upon the trial before a jury. The petition having alleged a cause of action good as against a general demurrer, it was error to sustain the defendant's oral motion and dismiss the petition.

The present action being in equity, should the wife prevail upon the trial of the cause, she would not be entitled to have her property relieved of the obligations due the bank at the time the property was conveyed to her. See *Mickleberry v. O'Neal,* 98 Ga. 42, 54, supra; and *Bond v. Sullivan,* 133 Ga. 160 (2), 163, supra.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent upon the ground that the petitioner failed to do equity as a condition precedent to this equitable action by restoring the funds which she received.