## 23944. HEFNER v. HALL.

UNDERCOFLER, Justice. Mrs. Sara Ann Hefner brought suit against Eugene S. Hall on March 11, 1965, to set aside and cancel a warranty deed given to him by her on October 27, 1964. The petition alleges and the plaintiff's evidence supports the following facts: For several months prior to the execution of the deed the defendant began importuning plaintiff's husband to persuade her to sell her home to him. On at least four occasions during a period of two weeks prior to

the execution of the deed the defendant was at the plaintiff's home talking to her husband when she returned from work. The defendant knew that the plaintiff's husband had been involuntarily committed to Milledgeville State Hospital as an incompetent and was home on furlough, that he was an alcoholic, had no estate, was not employed, and that he had inflicted violent injuries on the plaintiff's person to the extent of breaking her arm in three places with a baseball bat on one occasion. In spite of this knowledge, the defendant loaned the husband money with which to purchase liquor. On October 27, 1964, when she returned home from work, the defendant was there with her husband and the defendant informed her that he would have her husband arrested for his failure to repay the loans made to him unless she signed the "papers" he had prepared. Her husband at this time was intoxicated and threatened her if she did not sign them. The plaintiff was prevented from reading the "papers" and signed them upon the defendant's representation that they were security for her husband's debts and in the belief that she was signing a "loan deed." Immediately thereafter, her husband by threats and physical violence forced her to endorse a check, the maker and amount of which was then unknown to the plaintiff but was shown on the trial to be made out to her and her husband. A few days later the defendant informed her that she would have to move out of her home in order that he could collect rent for it and apply it on her husband's indebtedness. Eleven days after the signing of the deed her husband died. She found in his effects a closing statement for the sale of her property showing a total consideration of $12,500 paid by the assumption of a loan in the amount of $9,188.78, $500 in earnest money, $827.88 in cash, and $1,750 to be paid at a later date and other minor charges of $233.34. She has not received any of these funds. Later she received a check from the defendant in the amount of $500 which she has not cashed and which she attempted to return to the defendant but which he has refused to accept. She has attempted to tender to the defendant whatever moneys he has paid out but the defendant refuses to discuss the matter with her and has informed her that he would not under any circumstances return the property to her. The defendant and her husband conspired to defraud the plaintiff of her property by trick and artifice; that they employed

150

deceitful means and made misrepresentations as to the contents of the aforementioned instruments and that at the time she signed them she believed they were only collateral for her husband's purported indebtedness to the defendant; that the property involved is worth at least $20,000 instead of the $12,500 shown on the closing statement and has a potential value substantially greater than this amount.

The trial judge granted a nonsuit on motion of the defendant because a proper tender of the consideration purportedly paid by the defendant had not been made. The plaintiff appeals from this judgment specifying in her enumeration of errors that the court erred in granting the nonsuit, in sustaining a general demurrer to her petition before amendment, and in sustaining certain special demurrers. *Held:*

1. A married woman "may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." *Code* § 53-503. Also where a wife executes a deed conveying her property for the purpose of extinguishing her husband's debts in pursuance of a plan or scheme participated in by the grantee in the deed, such deed is void. *Bond v. Sullivan,* 133 Ga. 160 (1) (65 SE 376, 134 ASR 199); *Jackson v. Reeves,* 156 Ga. 802 (120 SE 541); and *Meacham v. Farr,* 158 Ga. 343 (1) (123 SE 270). And these rules apply even if part of the consideration has been received by the wife where there is one entire transaction and it is impossible to separate that which is legal from that which is illegal. *Bond v. Sullivan,* supra; *Carlton v. Moultrie Banking Co.,* 170 Ga. 185 (152 SE 215).

2. At the same time the pleadings and the evidence in this case are also sufficient to present an issue of whether the plaintiff signed the deed under duress. "The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party." *Code* § 20-503. *Brown v. Driggers,* 62 Ga. 354 (1), 356; *Johnson v. Leffler Co.,* 122 Ga. 670 (3) (50 SE 488). And tender of an amount due is waived when the party entitled to payment, by declaration or conduct, as here, proclaims that, if tender of the amount due is made,

an acceptance of it will be refused. *Finney v. Blalock,* 206 Ga. 655 (3) (58 SE2d 429); *B-X Corp. v. Jeter,* 210 Ga. 250 (2), 255 (78 SE2d 790). Tender, when made or waived, satisfies the requirement for payment. *Anderson v. Barron,* 208 Ga. 785 (69 SE2d 874); *Bank of LaFayette v. Giles,* 208 Ga. 674 (3) (69 SE2d 78).

3. Applying the foregoing principles of law to the instant case, no tender was necessary by the plaintiff. Therefore, the court erred in granting a nonsuit and in sustaining the general demurrer to the original petition. Appellant did not argue the rulings on the special demurrers in this court and they are deemed abandoned.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 15, 1967—DECIDED FEBRUARY 23, 1967.

*Philip T. Keen,* for appellant.
*Richard Thibadeau,* for appellee.