### 25621. SCHMID v. THE STATE.

MOBLEY, Presiding Justice. The appeal in this case is from a judgment disbarring the appellant from the practice of law in this State. In his motion to dismiss he attacks the constitutionality of *Code* § 9-501 (1), which authorizes disbarment upon conviction of a crime involving moral turpitude

and makes evidence of such conviction conclusive, thus depriving him of the right to defend himself. While he enumerates the denial of this motion as error, the constitutional question made therein was not argued orally or by brief. Under numerous decisions of this court, the ground will be considered as abandoned. *Hefner v. Hall,* 223 Ga. 148 (3) (154 SE2d 197); *Abrams v. State,* 223 Ga. 216 (6) (154 SE2d 443); *Talley v. Sun Finance Co.,* 223 Ga. 419 (3) (156 SE2d 55); *Green v. State,* 223 Ga. 611 (5) (157 SE2d 257); *James v. State,* 223 Ga. 677 (12) (157 SE2d 471). The mere recital in the brief of the existence of the assignment of error, without argument or citation of authorities in its support, is insufficient to save it from being treated as abandoned. *Henderson v. Lott,* 163 Ga. 326 (2) (136 SE 403); *J. Kuniansky, Inc. v. Ware,* 192 Ga. 488 (15 SE2d 783); *Head v. Lee,* 203 Ga. 191, 201 (5) (45 SE2d 666).

With the constitutional question eliminated from the case, this court is without jurisdiction, as the sole question remaining is one of which the Court of Appeals, and not this court, has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JANUARY 13, 1970—DECIDED JANUARY 26, 1970.

*Margaret Hopkins, James R. Venable, Wesley R. Asinof,* for appellant.

*Nat Hancock, District Attorney, John A. Darsey,* for appellee.