## CROSS, administrator, v. CORDELL et al.

FISH, C. J. This is an action brought by a wife against two creditors of her husband, for the recovery of a described parcel of land, the contention of the plaintiff being that the defendants hold the land under deeds made by her in payment of her husband's indebtedness, and therefore that the deeds are void. Plaintiff died pending the suit, and her administrator was made party plaintiff in her stead. On the trial there was evidence which required instructions to the jury, without request, to the effect that if creditors of a husband enter into an arrangement or scheme for the purpose of having his wife execute a deed of gift of her property to the husband, and for him, in turn, to convey it to the creditors in satisfaction of his debt, the deed from the husband to the creditors for the payment of the husband's debts, and would without conveying her property to the husband, had made a deed directly to the creditors for the payment of the husband's debts, and would likewise be void; and this is true, whether the creditors concocted such plan or scheme, or the husband did so, and they knowingly joined with him in its effectuation; and furthermore, if subsequently to the execution of such deeds by the wife to her husband, and by him to his creditors, for the purpose of paying his indebtedness with her property, another deed was executed by the wife conveying the same property to the same creditors, which expressly recited as its consideration a given sum of money paid to the wife, the ratification and confirmation of the prior deed of gift by the wife to the husband, and an agreement by the wife to withdraw a claim filed by her to the land in controversy, on a levy thereon of an execution issued upon a judgment in favor of the creditors against the husband, such transaction being entire, and not divisible, the last-mentioned deed would also be void. See *First National Bank of Cartersville* v. *Bayless*, 96 *Ga.* 684 (23 S. E. 851); *Mickleberry* v. *O'Neal*, 98 *Ga.* 42 (25 S. E. 933); *Bond* v. *Sullivan*, 133 *Ga.* 160 (65 S. E. 376, 134 Am. St. R. 199). The court in its instructions to the jury did not give them the legal principles above announced; therefore it was error to refuse the grant of a new trial upon the grounds of the motion assigning error upon the failure of the court so to do.

*Judgment reversed. All the Justices concur.*

No. 1080. SEPTEMBER 27, 1919.

Complaint for land. Before Judge Worrill. Decatur superior court. July 13, 1918.

*W. I. Geer*, for plaintiff.

*Hartsfield & Conger*, for defendants.