ARNOLD *et al. v.* JOHNSON.

ATKINSON, J. 1. "It is only where discovery is expressly prayed for in plaintiff's petition that two witnesses, or one witness and corroborating circumstances, are required to rebut the answer of defendant, as to facts within his own knowledge, responsive to the discovery sought." *Toomer* v. *Warren,* 123 *Ga.* 477 (51 S. E. 593); Civil Code (1910), § 4547.

2. There was no error in the court's charge on the effect of certain conversations admitted in evidence, nor in refusing to direct a verdict for the defendant.

3. The verdict was supported by evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 1782. OCTOBER 2, 1920.

Equitable petition. Before Judge Hodges. Walton superior court. November 8, 1919.

According to the plaintiff's contention, and evidence on which the verdict in her favor was based, her husband (Johnson) bought a town lot of Clemmons, paid for it, and caused Clemmons to execute to Mr. Arnold a deed to secure a loan of money to build a house upon it. The property was thereafter occupied by Johnson and his wife, and by no one else. Johnson, after partly repaying the money owed to Arnold, died in 1904, intestate, the plaintiff, his sole heir, paying all debts and taking possession of all his property; there being no administration. Arnold informed the

plaintiff, on the day next before that of Johnson's death, that the balance due him on the loan was $200, that he would take no more or less, and that on payment of that sum he would execute a deed; that she could stay there, and he would give her a chance to pay the money. She continued in possession, and subsequently paid Arnold $200.25 by sundry installments. Shortly before she brought this suit she asked him for a deed, and he replied that she owed him $75. The prayer of her petition was, that Arnold be required to execute and deliver to her a deed to the property; and for decree of title in her. Discovery was not prayed for or waived. Arnold answered the petition, denying that the purchase of the land from Clemmons was made by Johnson, and alleging that it was purchased by defendant. He denied the agreement as stated by plaintiff, and alleged that he purchased the lot and erected the house, and agreed with Johnson "that whenever he paid the purchase-price for the lot and the improvements thereon, and any other sums that he might become indebted to him [the defendant] in the meantime, that he would make him [Johnson] a good and sufficient title to said property." He denied making to the plaintiff the statement alleged and testified to by her, and her continuous occupancy of the premises after Johnson's death. He alleged that the sums of money paid to him by the plaintiff and her husband (to wit, $266) were insufficient to cover the interest on the investment in the land and improvements, and to cover other obligations made by Johnson, which were assumed and paid by defendant at Johnson's request; and that he had never been under any legal or moral obligation to the plaintiff or her husband to execute and deliver a deed. He further showed that on May 1, 1911, he executed and delivered to one Walker a deed to the property as security for a loan, which was repaid to Walker by defendant's wife with her individual funds, and on December 2, 1911, Walker, with defendant's consent, executed and delivered to her a quitclaim deed to the property.

After the filing of this answer the plaintiff presented and had allowed an amendment in which she denied that Mrs. Arnold then had or ever had any interest or title in the property; and alleged that the pretended claim of title in her was a subterfuge to deprive the plaintiff of her rights. She prayed that Mrs. Arnold be made a party, be required to set up under oath her claim of title

or interest, and be required to join her husband in making title to the plaintiff. Mrs. Arnold filed a sworn answer stating that she bona fide held legal title to the land; denying that her claim was a subterfuge to deprive the plaintiff; and alleging that her purchase of the land was upon the faith of apparent rights of Walker, under whom she claimed title. Arnold amended his answer by swearing to it. Walker having died, his executrix was made a party defendant. The record shows no answer by her. A further contention by the plaintiff (arising upon the evidence) was that the quitclaim deed from Walker was originally made to Mr. Arnold, and had been so altered as to make Mrs. Arnold appear as the grantee.

The jury found that the plaintiff was entitled to the specific performance prayed for, and that the deed from Walker to Mrs. Arnold should be canceled. Mr. and Mrs. Arnold moved for a new trial, which was denied, and they excepted. One ground of this motion was that the court charged the jury, " as a matter of law, that in an equitable petition like this, when the plaintiff does not waive discovery, and the defendant comes into court and files a sworn answer to the equitable proceeding, that such answer is evidence in the case. The probative value of it is to be determined by you." The movants contended that this was error, because the court failed to add that it required the evidence of two witnesses, or of one witness and corroborating circumstances, to overcome such answers.

Another ground was that the court charged the jury: " Certain conversations or declarations made by J. W. Arnold, or alleged to have been made by J. W. Arnold, and testified to by the plaintiff in this case, were admitted to you as testimony. I charge you that those declarations or conversations with the plaintiff and the defendant are admissible against J. W. Arnold, and do not bind J. W. Arnold's wife, or affect any right she may have." The movants contended that it was error to instruct the jury that such conversation or evidence was binding on either defendant.

Other grounds were, that the court erred in overruling a motion by the defendants to direct a verdict in their favor, because their answers were sworn to, discovery was not waived, and there was not sufficient evidence to overcome these answers; and that the verdict was contrary to law, and unsupported by evidence.

*J. H. Felker,* for plaintiffs in error.
*Walker & Roberts,* contra.