### JAMES *et al. v.* GREENE.

FISH, C. J.   1.  The wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debt of her husband; and a sale by the wife of her separate estate to a creditor of her husband, in settlement of the debt of the latter, is void. Civil Code (1910), § 3007.

2.  A sale by the wife of her separate estate, made to a creditor of her husband in extinguishment of her husband's debt in part and in settlement of the wife's debt in part, the contract being entire and not divisible, is void. *Cross* v. *Cordell*, 149 *Ga.* 383 (100 S. E. 365).

3.  The deed of the wife to her separate estate, made to a creditor of her husband to secure the debt of the latter, being void, it necessarily follows that a deed by the creditor and grantee as attorney in fact of the wife to the creditor himself, made pursuant to sale under power contained in the deed, is inoperative to convey the title.

4.  Accordingly, where the evidence for the defendant in ejectment tended to show that the deed to the plaintiff was made pursuant to sale under power in a deed from defendant, a married woman, to secure an indebtedness of her husband to plaintiff's lessor, the verdict for defendant was not without evidence to support it. No error is assigned on the charge of the court to the jury, nor upon any ruling of the court made during the progress of the trial.

5.  That two of the jurors were disqualified by reason of relationship to the prevailing party afforded no reason for setting aside the verdict, it affirmatively appearing, from the note of the judge in approving the grounds of the amended motion for new trial, that the fact of such relationship was known to the losing party or his counsel prior to and at the time of the trial. *Hadden* v. *Thompson*, 118 *Ga.* 207 (2), 208 (44 S. E. 1001).          *Judgment affirmed. All the Justices concur.*
          No. 2409.   FEBRUARY 21, 1922.

Ejectment.   Before Judge Worrill.   Clay superior court. December 18, 1920.

On February 23, 1914, Mrs. N. J. Greene conveyed to D. W. James the land in dispute, to secure an indebtedness of $5633.51.

The deed authorized the grantee to sell the land upon default in payment of the indebtedness, and, as attorney in fact of the grantor, to execute deed to the purchaser. On March 9, 1915, pursuant to sale by the grantee under the power contained in the deed, the grantee executed and delivered to himself a deed to the premises in dispute. On April 24, 1915, D. W. James sold the land to Thomas C. Sutlive, taking from the purchaser a deed to secure the purchase-money, which deed likewise contained a power of sale. Subsequently D. W. James was adjudged a bankrupt, and R. O. Waters was appointed trustee in bankruptcy. Under the power contained in the deed from Sutlive to James, he sold the land and executed a deed to himself as such trustee in bankruptcy. Mrs. N. J. Greene remained in possession, and ejectment was brought against her to recover the land. The principal contention of the defendant was that the debt secured by deed from defendant to D. W. James, dated February 23, 1914, was a debt of defendant's husband. Upon the trial of the case the evidence for defendant tended to show that the deed was made to secure the debt of the husband in whole or in part; and that the transaction was entire and not divisible. The jury returned a verdict for defendant. Plaintiffs made a motion for new trial, in which complaint is made that the verdict is contrary to the evidence and without evidence to support it. The special grounds of the motion are based on the alleged disqualification of two of the jurors, by reason of relationship to Mrs. Greene. Upon the hearing of the motion for new trial the presiding judge certified that after the jury had been selected and before the introduction of evidence by either party, the attention of counsel for plaintiffs was called to the alleged relationship of the particular jurors to Mrs. Greene, and that counsel stated in open court that they would "waive the point." The counter-showing submitted by respondent on the hearing of the motion for new trial affirmatively shows that the attention of plaintiffs' counsel was called to the alleged disqualification of the particular jurors at the time of the trial, as certified by the trial judge. The motion for new trial was overruled, and the plaintiffs excepted.

P. D. DuBose, Lowrey Stone, Zach. Arnold, P. C. DuBose, and A. L. Miller, for plaintiffs.

M. C. Edwards, E. R. King, and B. M. Turnipseed, for defendant.