CHAPMAN *v.* McPHERSON *et al.*

No. 9319.   August 9, 1933.

*G. S. Peck,* for plaintiff.

*R. H. Harris, Morgan S. Belser,* and *Roy S. Drennan,* for defendants.

BELL, J. (After stating the foregoing facts.) Whether or not the intervenor was estopped to assert the alleged invalidity of the security deed to the "Estate of Isaac G. Haas," and regardless of other questions, since the intervenor acquired the property subject to this instrument, and after the property was placed in the hands of a receiver sought authority from the court of equity to "enforce his said lien in any lawful manner which he may elect, without any restraint or hindrance by virtue of said receivership proceeding," he was bound by the rule that he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit. Civil Code (1910), § 4521. It affirmatively appeared that the intervenor purchased the property from one who had obtained a loan of $20,000 by reason of such security deed, and that the conveyance to the intervenor was made subject to this indebtedness. In these circumstances the intervenor was not entitled to an order permitting him to withdraw the property from the receivership, that is from the court of equity, unless he first paid or offered to pay the remainder of such indebtedness to the rightful holder thereof. While the intervenor did not seek the enforcement of his claim in the court of equity, he prayed for an order granting leave to enforce the same in any lawful manner, regardless of the receivership proceedings; and this was to ask for a recognition of its priority as alleged in his petition. The intervenor was thus addressing himself to a court of equity; and in order to obtain any sort of relief or assistance from such court, it was incumbent upon him to do equity. The fact that he asked permission to stay out of the receivership case and to proceed in any

lawful manner tends to show that the intervenor himself feels that his claim of priority would have no standing in a court of equity, and that for this reason he wishes to assert the same in some forum where he will not be governed by equitable principles. So far from offering himself to do equity, he asked the court to sanction his disposition not to do so, and a petition by one who manifests such an attitude is a mere vacant appeal in a court where equity reigns. If the contention as to priority. is really possessed of any merit in law, let it rest upon its own legal foundation, without permission from a court of equity to do so. Whether or not such permission might be obtained in the absence of any occasion for doing equity (Civil Code of 1910, § 3252; *Alexander* v. *Mercantile Trust &c. Co.,* 100 *Ga.* 537, 28 S. E. 235), the present case is not one of that character. The petition of the intervenor is a mere application to a court of equity for a license not to do equity; whereas such a license should be issued, if at all, only by a court of law.

The court did not err. in sustaining the general demurrer and dismissing the petition. *Thomason* v. *Phillips,* 73 *Ga.* 140; *Landes* v. *Globe Planter Mfg. Co.,* 73 *Ga.* 176; *Weaver* v. *Bank of Bowersville,* 146 *Ga.* 142 (2) (90 S. E. 864); *Matthews* v. *Banks,* 146 *Ga.* 732 (92 S. E. 52); *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (3) (139 S. E. 521); *Holland Furnace Co.* v. *Lowe,* 172 *Ga.* 815 (3) (159 S. E. 277).

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*