## SNELL v. SPALDING FOUNDRY COMPANY.

No. 10409. APRIL 11, 1935. ADHERED TO ON REHEARING, MAY 18, 1935.

*James E. Jackson Jr.,* for plaintiff. *G. S. Peck, Edgar Watkins Jr., Madison Richardson, Augustine Sams, C. Holland Feagan, Russell M. Striplin, A. E. Wilson,* and *W. B. Hollingsworth,* as amici curiæ.

*King & Partridge,* for defendant.

BELL, Justice. W. C. Snell brought a suit in equity against Spalding Foundry Company. A general demurrer was sustained, with leave to the plaintiff to amend within ten days; otherwise the petition to be dismissed. Within this period the plaintiff offered an amendment, and later offered a second amendment, each of which was ordered filed subject to objection and demurrer. The defendant demurred generally to each amendment. The court re-

fused to allow either amendment, and dismissed the petition, and the plaintiff excepted. The petition with the proffered amendments alleged the following: During the year 1929 the defendant entered with the plaintiff into an agreement whereby the plaintiff would furnish models of geese, ducks, dwarfs, frogs, and other articles, to be cast by the defendant from such models at stated prices, "upon orders from the plaintiff, as and when ordered." The agreement was not restricted to any number of articles or limited as to time, it being understood that the agreement was to continue at the will of the parties. "Defendant further agreed with plaintiff that they would not cast or mold or sell, or offer for sale, any of the various articles as cast from plaintiff's models as set out herein, to any one except on order from plaintiff, and that they would protect plaintiff in his exclusive right in and to the models and the articles cast therefrom. . . The said agreement was verbal, and was understood and agreed upon by both defendant and plaintiff. . . Pursuant to said agreement, plaintiff furnished models and/or patterns to defendant, and also ordered many articles from defendant under the said agreement, to be made from said models, and defendant did cast or mold the said articles as ordered by plaintiff and upon completion thereof would and did deliver them to plaintiff or to his order, and did bill or charge the same to plaintiff at the agreed price as shown" by an exhibit attached to the petition. "That plaintiff paid defendant for the various articles at the agreed price, and over a period of about two years, except for a small balance which defendant now contends that plaintiff owes them. . . That during the time or period referred to in paragraph 5 of original petition plaintiff ordered articles to be cast or molded from the models referred to herein, of approximately 50 in number and of the approximate sale price of $500 gross to plaintiff, and that defendant recognized the agreement herein referred to as being in force, and the same is evidenced by the fact that defendant rendered many statements to plaintiff for articles cast for him and at the price schedule referred to in original petition. . . That plaintiff admits that there is a balance owing to defendant according to the records, but contends that defendant is indebted to plaintiff in an amount far greater than the amount claimed by defendant, as will be more fully set out herein." By further allegations the plaintiff sought

to show that he had established a lucrative business, and that he had sustained damage thereto, and other damage, by alleged violations of the agreement by the defendant, including sales to persons other than the plaintiff, of articles made by it from the plaintiff's models.

The prayers were that the defendant be enjoined from manufacturing, selling, or offering for sale "any of the various articles enumerated herein as articles made from patterns or molds designed by plaintiff and furnished to defendant;" that the defendant be required to surrender all of the models and designs "enumerated herein, which are the property of the plaintiff;" and deliver up for destruction all finished articles in possession of the defendant and made from the plaintiff's models; that the defendant be required to make an accounting for all articles manufactured and sold from such models; and that plaintiff have judgment for his actual damage on this account, and for damages in the sum of $5000 for the destruction of his good-will and business.

The plaintiff's petition was attacked by a general demurrer, and must be construed most strongly against him. It is alleged "that plaintiff paid defendant for the various articles at the agreed price, and over a period of about two years, except for a small balance which defendant now contends that plaintiff owes them;" and "that plaintiff admits that there is a balance owing to defendant according to the records, but contends that defendant is indebted to plaintiff in an amount far greater than the amount claimed by defendant, as will be more fully set out herein." This refers to the damages claimed by the plaintiff for the defendant's alleged violations of the agreement. Upon a proper construction of the petition, it appears that the plaintiff violated the alleged contract by failing to pay for articles made and delivered to him, and that such breach on his part preceded that alleged to have been committed by the defendant. This is the necessary inference, in the absence of allegations to the contrary. The plaintiff does not offer to pay the amount due by him, and does not offer to do equity. He attempts to excuse this omission by a sort of recoupment, whereby he claims damage in excess of his own indebtedness. The plaintiff can not thus arbitrarily exonerate himself. On a trial he might not sustain his claim of damage. "He who would have equity must do equity, and give effect to all equitable rights in the other

party respecting the subject-matter of the suit." Code of 1933, § 37-104. "This principle is applicable where one in an equity suit seeks both legal and equitable relief. One who avails himself of a remedy in a court of equity is as much bound by this principle as one who is asserting in such a court a purely equitable right." *Montgomery* v. *Atlanta,* 162 *Ga.* 534, 550 (134 S. E. 152, 47 A. L. R. 233); *C. & W. C. Ry. Co.* v. *Hughes,* 105 *Ga.* 1 (3) (30 S. E. 972, 70 Am. St. R. 17); *Garbutt* v. *Mayo,* 128 *Ga.* 269 (4) (57 S. E. 495, 13 L. R. A. (N. S.) 58). While the plaintiff prays for both legal and equitable relief, he is suing in a court of equity, and ought to recognize his own duty to do equity. Because of his failure to do so, the court properly disallowed the amendments and dismissed the petition.

Furthermore, the plaintiff did not agree to order or buy any articles such as might be made from the models in question, and the petition does not show either that the models were in themselves of any value, or that the plaintiff's act in delivering them amounted to a benefit to the defendant or a detriment to the plaintiff. The defendant's promise not to sell to others than the plaintiff was therefore unilateral and not enforceable. *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (3) (45 S. E. 730); *Cooley* v. *Moss,* 123 *Ga.* 707 (2, 3) (51 S. E. 625); *Foster* v. *Mack,* 180 *Ga.* 418 (179 S. E. 97). It does not appear that the models were protected by a patent or trade-mark. The claim is not for an infringement.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result, because of the ruling in the third headnote and the corresponding portion of the opinion.