TURNER, receiver, *v.* WARREN *et al.*

No. 13960.  FEBRUARY 11, 1942.

458

*Wilcox, Connell & Wilcox,* for plaintiff in error.

*Jon P. Knight* and *Jack Knight,* contra.

REID, Chief Justice. ■ The motion to dismiss the writ of error is upon the ground that because of the irregularities referred to in the statement of facts there was no valid motion for a new trial. Whether an infirmity in the motion for a new trial would constitute a valid reason for dismissing the writ of error in a case where the only assignment of error is upon the order overruling the motion for a new trial, or whether such an irregularity would simply require affirmance of the judgment below, need not now be determined. The bill of exceptions also assigns error on the ruling against the receiver's demurrer to the intervention, exceptions pendente lite having been regularly entered. This alone would require denial of the motion to dismiss. However, we think the questions presented by the order overruling the motion for a new trial are properly here. It is quite evident that the losing party used a

printed form for the original motion, and that in filling out this form his counsel made it recite at the outset that the intervenor, "being dissatisfied with the verdict," etc., submitted the motion, when it was intended to have it recite that the receiver or defendant submitted the motion. It was signed by counsel who had appeared at the trial on behalf of the receiver as attorneys for the movant. While the rule nisi is directed to the receiver, the further order of the court, which forms a part of the same motion and quite evidently was a part of the same paper, refers to the motion as that of the receiver. Service of the motion was acknowledged by counsel for the intervenor, who waived all other and further service, and later the motion for new trial was amended by the receiver without objection on the part of the intervenor. The amendment was offered as an amendment to the motion for a new trial theretofore filed by the receiver, and was so allowed by the court. We think it is too late for the intervenor now to question, for the first time, the sufficiency or regularity of the original motion. She acquiesced in the judge entertaining the motion at the time he entertained it, and did not then question the sufficiency of the motion or the jurisdiction of the judge to entertain it. She can not do so now. Code § 6-805; *Heath* v. *Philpot,* 165 *Ga.* 844 (142 S. E. 283); *Scott* v. *Gaulding,* 60 *Ga. App.* 306 (3 S. E. 2d, 766).

■ According to the contentions of the intervenor, a part of the entire consideration recited in her deed to the decedent was the extinguishment of a debt of her husband. This being true, the deed was void, even though the remainder of the consideration was the assumption of a debt lawfully due by the intervenor to a third person. *Cross* v. *Cordell,* 149 *Ga.* 383 (100 S. E. 365); *James* v. *Greene,* 152 *Ga.* 814 (2) (111 S. E. 187); *Bond* v. *Sullivan,* 133 *Ga.* 160 (65 S. E. 156, 134 Am. St. R. 199); *Broxton* v. *Nelson,* 103 *Ga.* 325 (30 S. E. 38, 68 Am. St. R. 97); *Carlton* v. *Moultrie Banking Co.,* 170 *Ga.* 185 (152 S. E. 215). Consequently the court did not err in overruling the demurrer to the intervention.

■ While the plaintiff's action was one to recover the land and mesne profits, such as would have constituted a suit at law if between the original parties to the transaction, she presented her claim by intervening in a court of equity seeking a judgment for the land against an equitable receiver, and a recovery of mesne profits out of assets in the hands of the court for administration.

460

Accordingly, the rights and liabilities of the intervenor and the receiver, who as an officer of the court held only a qualified title to the property in dispute and the other assets in his hands for administration, are governed by equitable principles. The intervention necessarily sought equitable relief, since, although it prayed only for recovery of the land and for a money judgment for rents and profits, it could be satisfied only from assets in the hands of the officer of the court appointed in the equitable proceedings. *Chapman* v. *McPherson,* 177 *Ga.* 471 (170 S. E. 481). Having thus sought relief at the hands of a court of equity, the intervenor could obtain relief only by herself doing equity. Code § 37-104. *Snell* v. *Spalding Foundry Co.,* 180 *Ga.* 582 (180 S. E. 218). *Bond* v. *Sullivan,* supra; *Carlton* v. *Moultrie Banking Co.,* supra. The receiver was entitled to set off against the intervenor's claim the note executed by her to the decedent, which had been secured by a deed to the land and which represented the unpaid balance of the money loaned to her by the decedent to pay the purchase-price of the land to her original grantor.

■ The court having overruled the demurrer to the amendment of the receiver, which pleaded the set-off referred to in the foregoing division of this opinion, and that ruling being unexcepted to, it became the law of the case; and it was error for the court, even in the absence of a written request, to fail to submit this contention to the jury. It is true, as pointed out by counsel for the defendant in error, that at one place in his charge the judge instructed the jury that if they believed from all the facts and circumstances and evidence in the case "that the debts as included as any part of the consideration were the debts of Martha Warren and not the debts of John Warren, then the deed would be good and valid, and the intervenor, who is Martha Warren, would not have the right to recover the land in this case." It is insisted by counsel that this was a more favorable charge than the receiver had any right to ask for, and authorized the jury to find in his favor if they believed that any part of the note which at one time had admittedly been owing by the intervenor to the decedent formed the consideration or any part of the consideration for the deed. The difficulty is that the court also instructed the jury that if they should find "that the debts of J. W. Warren, the husband of Martha Warren, made up any part of the consideration of the deed in

question, that is, the deed from Martha Warren to A. W. Gaskins, it would be absolutely void and not binding on her, and under circumstances like that she would be authorized to recover the property as sued for." We can not say that error in failing to charge on the pleaded defense of set-off was cured by the general instruction upon which counsel for the intervenor relies. Furthermore, it is obvious that while the general instruction would have authorized a general finding in favor of the receiver if the jury found with him on the issue of fact as to the previous payment of intervenor's note, it did not permit the jury to allow him credit for any such unpaid lawful indebtedness if it did enter into the consideration. The defense was a pleaded one, and the court should have charged the jury upon it. The failure to do so was error which requires the grant of a new trial.

■ The court instructed the jury: "You will decide these issues in favor of that party, intervenor or defendant in this case, as the preponderance of the evidence may require. By preponderance of the evidence is meant the superior weight of the evidence upon the issues involved, which, while not sufficient to wholly free the mind from a reasonable doubt, yet is sufficient to incline a reasonable and impartial mind of the jury to one side of the issue rather than the other." The jury were not otherwise instructed as to the burden of proof. The intervenor was the moving party, and the burden rested upon her to prove the material allegations of her intervention by a preponderance of the evidence. A failure to carry that burden would have authorized a finding against her, even though the evidence may not have preponderated in favor of the receiver. The error in this charge probably would not require a reversal if no other error appeared; but since the judgment must be reversed for the error referred to in the foregoing division of the opinion, it is proper to call attention to the inaptness of the instruction here dealt with.

■ The court admitted testimony to the effect that after the death of her husband the intervenor moved off of the land because she was required to do so by the decedent, who took all of her crops and told her in substance that if she did not leave he would put her in the road. The issues in the case were as to the validity of the deed made by the intervenor to the decedent, and as to the value of the property for rental purposes. The testimony objected

to was not relevant to either of these issues; and since it was calculated to prejudice the jury, it was error to admit it. It was also error to admit testimony as to what transpired in a court trial between other parties, concerning a matter in no wise connected with the dispute between the receiver and the intervenor. It is true that the witness was on cross-examination, and he was the receiver's bookkeeper, and that the questions asked him related to the correctness of his books. Books of account may be impeached in the manner provided by law, but not by showing that they were introduced in another trial between wholly different parties, and that the jury found against the entries. This amounts to no more than proof of the opinion of the jury in the other case that the books were not correctly kept. The court should not have admitted this testimony.

The other assignments of error relate to matters not likely to arise on another trial, and are not dealt with.

*Judgment reversed. All the Justices concur, except Bell, J., disqualified.*