## 19052. WHITE *v.* PRATT.

SUBMITTED SEPTEMBER 12, 1955—DECIDED OCTOBER 13, 1955.

892

*Robert G. Walther, Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

CANDLER, Justice. (After stating the foregoing facts.) Under Code § 53-503, there are three things which a married woman having a separate estate cannot lawfully do. She cannot bind

her separate estate by any contract of suretyship, nor can she assume the debts of her husband, nor can she pledge or sell her separate estate to a creditor of her husband to extinguish his debts. If she does any of these things, the transaction is absolutely void. These are the only restrictions put upon her in dealing with her separate estate, and outside of them she stands upon the same footing as a man or a feme sole. See *McCrory* v. *Grandy*, 92 *Ga.* 319 (18 S. E. 65), and *Nelms* v. *Keller*, 103 *Ga.* 745 (30 S. E. 572). While the wife cannot, directly or indirectly, assume a debt of her husband, or pledge or sell property belonging to her separate estate to his creditor in extinguishment of such debt, she may nevertheless in her own name and right contract independently and as she pleases, and, in doing so, borrow money for any desired purpose. And in *White* v. *Stocker*, 85 *Ga.* 200 (11 S. E. 604), this court held that a married woman was liable for money borrowed and given to her husband, although the lender, he being no party to any arrangement between the husband and wife for procuring the money, knew that the former was to have and use the same. In the instant case, the evidence shows without any dispute that a debt of $49 which W. M. White, the plaintiff's husband, individually owed the lender was included in the plaintiff's mortgage note and her husband's personal obligation to the lender was thereby extinguished. How does this affect the transaction here involved? "A sale by the wife of her separate estate, made to a creditor of her husband in extinguishment of her husband's debt in part and in settlement of the wife's debt in part, the contract being entire and not divisible, is void. *Cross* v. *Cordell*, 149 *Ga.* 383 (100 S. E. 365)." *James* v. *Greene*, 152 *Ga.* 814 (2) (111 S. E. 187). Code § 20-112 declares that a contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. It is clear from the evidence in this case that it was the intention of the parties to lend $5,396.50, to secure that amount as an entity, and to recover at its maturity, as the cross-action shows, the entire unpaid sum with interest and attorney's fees upon the debt secured as an entity. Mr. Story in his work on Contracts (5th ed.), Vol. 1, § 26, says: "An entire contract is a contract the consideration of which is entire on both sides. . . Whenever,

therefore, there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire, and is not apportionable either at law or in equity." And in *Broxton* v. *Nelson*, 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. R. 97), it was said: "In determining whether a contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing—all as a whole—is of the essence of the contract. If it appears that the contract was to take the whole or none, then the contract would be entire." We, therefore, hold that the contract in this case is entire and not severable and, being void in part, it is void in toto. *Bond* v. *Sullivan*, 133 *Ga.* 160 (2) (65 S. E. 376, 134 Am. St. R. 199); *Carlton* v. *Moultrie Banking Co.*, 170 *Ga.* 185 (152 S. E. 215); *Magid* v. *Beaver*, 185 *Ga.* 669 (196 S. E. 422); *Turner* v. *Warren*, 193 *Ga.* 455 (18 S. E. 2d 865). In *Magid's* case, it was said: "It is not necessary that the entire amount borrowed was for a purpose prohibited by the statute. If a part thereof falls within the restrictions of our Code section, the note and security deed being an entire and indivisible contract, the whole transaction is void." The mortgage and security deed here involved being void, the wife could proceed by her petition in equity to have them canceled as clouds upon her title. *Jackson* v. *Reeves*, 156 *Ga.* 802 (120 S. E. 541), and citations. Since a verdict for the plaintiff was demanded by the undisputed evidence in this case, it necessarily follows that the court erred in directing a verdict for the defendant on his cross-action. Having reached this conclusion, and this being the controlling question in the case, we do not think it is at all necessary to deal with other collateral questions posed by the record. The amended motion for new trial should have been granted.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., Head and Mobley, JJ., who dissent.*