37812. ROBERTS *v.* WHITFIELD.

DECIDED OCTOBER 14, 1959.

*Frank B. Stow, Robert E. Andrews*, for plaintiff in error.
*Tifton S. Greer, Telford, Wayne & Smith*, contra.

NICHOLS, Judge. 1. Inasmuch as a directed verdict and default judgment was entered against the defendant Tommie Allen Whitfield and no exception taken to such judgment, his codefendant, Irene Whitfield, will be referred to as the defendant for the sake of brevity and clarity.

The demurrers to the answer were based on the premise that the answer sought to vary the terms of a valid written contract, that parts of it were conclusions unsupported by well pleaded facts, that the allegations that the contract was void as to the defendant were not supported by well pleaded facts, and that no valid defense to the action was set forth.

The answer alleged that the defendant was not a principal on the note sued on but was merely a surety, that the funds derived from the loan were used to pay the debts of her husband and the plaintiff. It was alleged that the debts were debts created by notes signed by the plaintiff and the defendant's husband, and that a provision in the note sued on stating in effect that the defendant was the borrower and the loan was for her sole benefit and use was a scheme to avoid the provisions of Code §§ 53-502 and 53-503 and was therefore void.

"While a married woman may contract, she can not bind her separate estate by any contract of suretyship. Code § 53-503. And a note executed by a wife for the purpose of assuming a pre-existing debt of her husband, where the payee knows this fact at the time of its execution, can not be collected from her by the payee if she seeks to avoid it. *Veal* v. *Veal,* 50 *Ga. App.* 445 (178 S. E. 456)." *Morris* v. *International Agricultural Corp.,* 53 *Ga. App.* 517 (4) (186 S. E. 583). "No amount of writing and no form into which it can be moulded, whether of lease, promissory note or anything else, will bind a woman to pay her husband's debt. No device or subterfuge in which the creditor engages or participates, however numerous or solemn may be the writings used to cover and conceal it, will serve to circumvent the law, provided detection and exposure are within the resources of the law by the use of any evidence, written or oral, direct or circumstantial. All that is necessary is, that there should be enough to produce conviction." *Schofield* v. *Jones,* 85 *Ga.* 816, 819 (11 S. E. 1032).

400

The answer was not subject to the demurrers, and the judgment overruling them was not error for any reason assigned.

2. The contract or note sued on was an entire and indivisible contract and: "It is not necessary that the entire amount borrowed by a married woman was for a purpose prohibited by the statute; but if, as here, only a part thereof falls within the restrictions of our Code section, the note and deed being an entire and indivisible contract, the whole transaction is void." *White* v. *Pratt*, 211 *Ga.* 891 (2) (89 S. E. 2d 502).

The evidence dealing with the execution of the note sued on and the disbursement of the funds borrowed shows without contradiction that a part of the money covered by the note was withheld by the lender to pay off a prior loan made by the lender to the defendant's husband and the plaintiff here, and the plaintiff knew that such loan had to be paid before the loan made on the note here sued on could be made. Under such circumstances it can not be said that a finding would be authorized that either the lender or the plaintiff here, who was obligated to pay the prior note signed by him and the defendant's husband, would not have either express or constructive knowledge that the note signed by the defendant was actually an assumption of a debt of her husband, and under the law as embodied in Code § 53-503, a finding that the note, as to the defendant, was void was demanded by the evidence.

3. In view of what has been held above, the questions presented by the amended motion for new trial which assign error on the charge of the court are moot. Accordingly, the judgment of the trial court denying the plaintiff's motion for new trial must be affirmed.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*