### 39644. LEE RUBBER & TIRE CORPORATION v. SEABOARD PRODUCE COMPANY.

HALL, Judge. The defendant in error (hereinafter called claimant) filed a claim against an execution in favor of plaintiff in error (hereinafter called plaintiff) which was levied upon a Mack tractor in the possession of Clyde Thompson, the defendant in execution. After trial the jury returned a verdict and the court entered judgment for the claimant. The trial court overruled the plaintiff's motion for new trial on the general and three special grounds, and the plaintiff assigns error on this judgment. *Held:*

1. Ga. L. 1915, p. 122, as amended by Ga. L. 1920, p. 387 (concerning the City Court of Savannah), provides that a motion for new trial "shall be heard and determined within sixty days from the date of the filing of the motion." Claimant moves to dismiss this writ of error on the ground that the order of the trial court overruling the motion for new trial, entered more than sixty days after the motion was filed, was in conflict with the above quoted law. The record shows that the claimant knew that more than sixty days had elapsed from the date of the filing of the motion for new trial by virtue of the fact that an amended motion was filed after the sixty-day period had expired, and yet the claimant failed to raise and insist upon this point before the trial judge. Having failed under such circumstances to question the jurisdiction of the trial judge to entertain the motion, he cannot do so now. The motion to dismiss the writ of error is denied. *Code* § 6-805; *Turner v. Warren,* 193 Ga. 455, 459 (18 SE2d 865).

2. On the trial of a claim against an execution, the trial court erred in failing to charge the contention of the plaintiff in execution on a vital, controlling issue in the case, i.e., whether the claimant took title to the property levied on before February 6, 1959, when the fi. fa. was recorded on the general execution docket. The plaintiff presented evidence from which the jury could have found the title on this date was in the defendant, he having executed a written transfer agreement on a later date, March 31, 1960, conveying title to the claimant. Nowhere in its charge did the court make clear that if the jury believed that the title to the property remained in the defendant until March 31, 1960, their verdict should be for the plaintiff. Nor did the court clearly instruct the jury that

the question determining which party should be given a verdict was who owned the property on February 6, 1959, when the plaintiff's judgment lien attached. *Code Ann.* § 39-701. The judgment of the trial court overruling a special ground of plaintiff's motion for new trial complaining of such omission was reversible error. *Parker v. State*, 24 Ga. App. 267 (100 SE 452); *Hill v. Hill*, 55 Ga. App. 500, 502 (190 SE 411); *Georgia Brokerage Co. v. Frazier & Co.*, 11 Ga. App. 498 (75 SE 327); *Hutcheson v. Browning*, 34 Ga. App. 276 (129 SE 125); *Parker v. Parrish*, 18 Ga. App. 258 (89 SE 381); *Mays v. Shields*, 117 Ga. 814 (45 SE 68); *Telfair County v. Webb*, 119 Ga. 916 (47 SE 218); *Pusser v. Thompson*, 147 Ga. 60 (92 SE 866).

Other grounds of the motion for new trial have not been argued by the plaintiff and are treated as abandoned.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1962.

*Lewis, Wylly & Javetz, Girard M. Cohen, John C. Wylly,* for plaintiff in error.

*Kennedy & Sognier, John G. Kennedy, Jr.,* contra.